IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-71,404-01 & WR-71,404-02






EX PARTE ARTHUR LEE WILLIAMS








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 354897-A IN THE 208TH DISTRICT COURT

HARRIS COUNTY



 


 Per Curiam. 

 




O R D E R



 We have before us an initial application for writ of habeas corpus filed pursuant to
Texas Code of Criminal Procedure Article 11.07, and a subsequent application for writ of
habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071, § 5. (1)

 Applicant was convicted in February 1983 of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Williams v. State, 682 S.W.2d 538
(Tex. Crim. App. 1984). The Supreme Court granted certiorari and vacated the judgment on
a voir dire issue. Williams v. Texas, 479 U.S. 1074 (1987). This Court remanded the case
to the trial court for a hearing in accordance with Batson v. Kentucky, 476 U.S. 79 (1986). 
This Court then affirmed applicant's conviction and sentence on appeal after remand. 
Williams v. State, 804 S.W.2d 95 (Tex. Crim. App.), cert. denied, 501 U.S. 239 (1991). 

 Applicant's initial habeas application was filed in the convicting court on December
27, 1993. His subsequent application was filed in the convicting court on November 11,
2005. Both applications were received in this Court on January 22, 2009.

 Applicant presents sixteen allegations, with numerous subsections, in his initial writ. 
The trial court failed to make findings of fact and conclusions of law on the following
allegations:

 Claim 11, subsection 1: Counsel made and failed to object to references
that an offense had been committed. (2)

 

 Claim 11, subsection 11: Counsel argued outside the record that [the
victim] was one of the best detectives in the
Houston Police Department.

 

 Claim 13, subsection 3 Counsel failed to object to the prosecutor's
argument asking the jury to consider the loss to
the [the victim's] family.



 Because we have determined that findings and conclusions of the trial court would
be helpful to the resolution of these claims, we order the trial court to make findings of fact
and conclusions of law in regard to these claims. The initial application is remanded to the
trial court to address these issues. 

 Applicant presents one allegation in his subsequent application. After reviewing the
application, the supporting documents, and recent case law, including Miller-El v. Dretke,
545 U.S. 231 (2005), we find that the allegation satisfies the requirements of Texas Code of
Criminal Procedure Article 11.071, § 5. Therefore, the application is remanded to the trial
court to consider the allegation. 

 After making findings and conclusions on the enumerated claims in applicant's initial
application, and reviewing the merits of the claim raised in his subsequent application
pursuant to the time frames set out in Article 11.071, the trial court shall order

the clerk to send both completed records to this Court for our review. 

 IT IS SO ORDERED THIS THE 29th DAY OF APRIL, 2009.


Do Not Publish 
1. Because applicant filed what constitutes an initial writ application under Article 11.07
in 1993, the "supplemental" application filed on November 11, 2005, is considered a subsequent
application for purposes of Article 11.071. See Art. 11.071 §5.
2. The trial court mistakenly found that applicant abandoned this claim. However, upon
review of the application and related correspondence, the claim was not abandoned and needs to
be addressed by the trial court.